NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH LASTER, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, a corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.: 2:17-CV-00851 AB (JEMx)<br><br>**CLASS ACTION**<br><br>**[PROPOSED]** **PRELIMINARY APPROVAL ORDER**<br><br>**Date:** August 31, 2018<br>**Time:** 10:00 a.m.<br>**Dept.:** 7B |

**PRELIMINARY APPROVAL ORDER**

Plaintiff's Motion for Preliminary Approval of Proposed Class Action Settlement ("Motion for Preliminary Approval") filed by Plaintiff Keith Laster ("Plaintiff") came regularly for hearing before this Court on September 14, 2018. After consideration of all the papers filed in connection therewith, the arguments of counsel, the evidence submitted, and all other matters presented to the Court, the Court hereby makes a preliminary finding that the proposed Settlement Class[1] meets the Rule 23 requirements for certification for settlement purposes, and the proposed class action Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. Good cause appearing therefore, the Court GRANTS the Motion for Preliminary Approval and ORDERS as follows:

**I.     The Settlement Class is certified for settlement purposes only.**

1. Pursuant to the class action criteria of Federal Rules of Civil Procedure 23(a) and 23(b)(3), the Court preliminarily certifies, for settlement purposes only, a Rule 23(b)(3) Class consisting of the 143 California insureds who are named on the Class Member List, all of whom were insured under a non-ERISA group life insurance policy issued by Hartford Life and Accident Insurance Company to an employer situated in California. All Class Members had a date of loss/disability after December 30, 2012 and either: (a) had a waiver of premium benefits claim denied by Hartford or (b) had waiver of premium benefits terminated by Hartford between December 30, 2012 and July 21, 2017. The denials or terminations were based on findings that the respective Class Member was not disabled or no longer met the definition of disability. The Settlement Class shall consist of all members of the Class who do not request exclusion from the Class by the Opt-Out Deadline.

2. With respect to the Settlement Class, this Court preliminarily finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met, in that: (a) the Class is so numerous that joinder of all individual

---

[1] Capitalized terms not defined herein shall have the same meaning as defined in the Stipulation of Settlement, (D.E. 53-2).

Class Members in the Action is impracticable;  (b)  there are questions of law and fact common to the Class and those common questions of law and fact predominate over any individual questions;  (c) the claims of the Class Representative are typical of the claims of the Class;  (d) the Class Representative and Class Counsel will fairly and adequately represent the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby appoints Plaintiff Keith Laster as Class Representative of the Settlement Class.

4. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court hereby appoints William W. Shernoff, Travis M. Corby, the law firm of Shernoff Bidart Echeverria LLP, Gerald S. Flanagan, and Consumer Watchdog as Class Counsel to represent the Settlement Class.

5. The Court hereby appoints the Honorable Peter Lichtman (Ret.) as Special Master for purposes of creating a Plan of Allocation of the Remaining Settlement Fund for Court approval.

6. The Court hereby appoints Tilghman & Company, P.C. as Settlement Administrator to supervise and administer the Class Notice as set forth in the Settlement Agreement, and for the other purposes set forth therein.

## II. The proposed Settlement is preliminarily approved and the schedule for final approval is set.

**7.** The Court hereby grants preliminary approval to the Settlement Agreement, subject to a hearing on the final approval of the Settlement.

8. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement Agreement.  Based on this preliminary evaluation, the Court finds that:  (i)  the Settlement Agreement is fair, reasonable, and adequate, and within the range necessary for preliminary approval; (ii)  the Settlement Agreement appears to have been negotiated, as far as the Court can discern, in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case, and with the oversight of the

1  Honorable Peter Lichtman (Ret.);  (iii) the form and content of the Class Notice to provide notice
2  of the material terms of the Settlement Agreement to the Class Members for their consideration
3  and reaction is hereby approved;  and  (iv) the procedure for proving Class Notice set forth in the
4  Settlement Agreement and/or the Settlement Notice Plan is hereby approved.  The mailing and
5  distribution of the Class Notice as set forth in the Settlement Agreement and in accordance with
6  the Settlement Notice Plan meets the requirements of Rule 23 of the Federal Rules of Civil
7  Procedure, due process, and any other applicable law, and is the best notice practicable under the
8  circumstances and shall constitute due and sufficient notice to all persons entitled thereto.
9        9.    The Court therefore preliminary approves the proposed Settlement as set forth in
10  the Settlement Agreement.
11       10.   Pursuant to Federal Rule of Civil Procedure 23(e), the Court will hold a Fairness
12  Hearing on January 11, 2019, at 10:00 a.m. in the courtroom of the Honorable Andre Birotte, Jr.,
13  United States District Court of California, Courtroom 7B, 350 West First Street, Los Angeles,
14  CA 90012 to determine the following:
15         a.    Whether the proposed Settlement Class meets all applicable requirements
16  of the Federal Rule of Civil Procedure 23 and thus, the Class should be finally certified as a Rule
17  23(b)(3) class for settlement purposes only;
18         b.    Whether the proposed Settlement is fair, reasonable, and adequate and
19  should be granted final approval;
20         c.    Whether Class Counsel's Motion for Attorney's Fees, Costs, and Incentive
21  Award should be granted;
22         d.    Whether a final judgment as provided with the Settlement Agreement
23  should be entered; and
24         e.    Such other matters as the Court may deem appropriate.
25       11.   The Plan of Allocation is hereby approved. No claim form is required from
26  Settlement Class Members, unless a member of settlement relief category "A" wishes to receive
27  additional benefits by proving he or she had a larger policy face value than the one used to
28  determine his or her initial settlement check, or by proving that the insured under the policy had

died. All requests for approval of payment of attorneys' fees and reimbursement of expenses, including Class Counsel's application for Attorneys' Fees and Expenses, shall be filed no later than 28 days before the Fairness Hearing. Any objection to such requests for approval of payment of attorneys' fees and reimbursement of expenses shall be filed with this Court no later than 14 days before the Fairness Hearing. Such requests will be heard at the time of the Fairness Hearing by the Court. The Settlement Administrator shall post any request for approval of payment of attorneys' fees and/or reimbursement of expenses on the Settlement Website within one business day of the filing of such request with this Court. The Court may adjourn or reschedule the Fairness Hearing without further notice to the members of the Settlement Class.

### III. Procedure for Class Notice

12. Within ten (10) days after the entry of this Preliminary Approval Order, Hartford shall compile and give to the Settlement Administrator and Class Counsel the list of Class Members, including the Class Member's name and last known address.

13. No later than thirty (30) days after notice of the entry of the Preliminary Approval Order, the Settlement Administrator will mail by U.S. mail the Class Notice, in substantially the same form attached as Exhibit 2 to the Settlement Agreement, to each person named on the Class Member List and to the address identified on the Class Member List. The Settlement Administrator should follow the Settlement Notice Plan for notice and other follow-up notice to the Class.

### IV. Requests for Exclusion

14. Any Class Member who wishes to be excluded from the Class must mail a written request for exclusion to the Settlement Administrator at the address provided by the Class Notice. The request for exclusion must include the following to be valid: (i) identify the case name and number (*Laster v. Hartford Life & Accident Insurance Company* (No. 2:17-cv-00851); (ii) the Class Member's name, address and phone number, and (iii) a statement that the Class Member wishes to be excluded from the Class. The request for exclusion must be postmarked and sent to the Settlement Administrator on or before December 17, 2018. The Settlement Administrator's decision as to whether a request for exclusion is or is not timely is final and

binding. A list reflecting all timely requests for exclusion, identifying the person requesting exclusion, shall be assembled by the Settlement Administrator and filed with the Court ten (10) days prior to the Fairness Hearing. The Settlement Administrator shall provide that list to Counsel no later than ten (10) days after December 17, 2018.

15. Any Class Member who is not excluded by the filing of a timely written request for exclusion by the Opt-Out Deadline shall be bound by all subsequent proceedings, orders and judgment in this Action, including the Final Order and Judgment and its release provisions, even if he or she has pending, or subsequently initiates, litigation, arbitration or any other proceeding against Defendant for any of the Released Claims.

16. Any decision by Defendant to void the Settlement Agreement because of the number of timely requests for exclusion received by the Settlement Administrator must be made by Defendant no later than ten (10) days prior to the Fairness Hearing.

17. Any Class Member who submits a timely request for exclusion shall be excluded from the Settlement Class, shall have no rights with respect to this Settlement Agreement, may not object to this Settlement Agreement, and shall receive no benefits as provided in this Settlement Agreement.

### V. Objections to Settlement/Right to appear at Fairness Hearing

18. Attendance by Settlement Class Members at the Fairness Hearing is not necessary. Settlement Class Members do have the right to appear and show cause, if they have any, why the terms of this Settlement should not be given final approval by the Court.

19. Any objection to the Settlement or Settlement Agreement, the Plan of Allocation, or Class Counsel's application for Attorneys' Fees and Expenses, must be submitted in writing, must be filed with the Court, and must be served by mail to Class Counsel and Defense Counsel at the addresses set forth in the Class Notice. Any objection to the Settlement or Settlement Agreement or Plan of Allocation must be postmarked no later than December 17, 2018. Any objection to Class Counsel's application for Attorneys' Fee and Expenses must be filed with this Court no later than 14 days prior to the Fairness Hearing.

20. Settlement Class Members may object either on their own or through an attorney hired at their own expense. If a Settlement Class Member hires an attorney to represent him or her at the Fairness Hearing, he or she must do so at his or her own expense. No Settlement Class Member, represented by an attorney or not, shall be deemed to have objected to the Settlement or the Plan of Allocation unless an objection signed by the Settlement Class Member is also filed and served, postmarked no later than December 17, 2018. No Settlement Class Member, represented by an attorney or not, shall be deemed to have objected to Class Counsel's application for Attorneys' Fees and Expenses unless such objection is filed with this Court no later than 14 days prior to the Fairness Hearing.

21. Any objection to the Settlement or Plan of Allocation must be in writing and served by hand, first-class U.S. Mail (postage pre-paid) or overnight carrier to Class Counsel and Defense Counsel at the addresses set forth in the notice to the Class, within sixty (60) days after the Summary Settlement Notice is mailed. Any objection regarding or related to the settlement or Settlement Agreement must: (i) identify the case name and number (*Laster v. Hartford Life & Accident Insurance Company* (No. 2:17-cv-00851)); (ii) identify the person submitting the objection as a Settlement Class member; (iii) attach copies of materials the Settlement Class member will submit to the Court or present at the Fairness Hearing (if any); (iv) be signed by the Settlement Class member; and (v) clearly state in detail: (1) the legal and factual ground(s) for the objection; (2) the Settlement Class member's name, address and, if available, telephone number; and (3) if represented by counsel, such counsel's name, address and telephone number.

22. Any Settlement Class Member who fails to comply with the procedures for presenting objections described above shall waive and forfeit any and all rights he or she may have to appear separately and/or submit a written objection, and shall be bound by all the terms of this Settlement upon final approval and by all proceedings, orders and judgments, including, but not limited to, the Release and the Final Order and Judgment, in the Action.

**VI. Dates of Performance**

23. The Full Settlement Notice substantially in the form attached to the Settlement Agreement as Exhibit 3 shall be posted on a settlement website in English and Spanish no later

1 than October 17, 2018 the date that the Summary Settlement Notice (Exhibit 2 to the Settlement Agreement) is mailed to the Settlement Class. A copy of the Settlement Agreement shall be made available to the public through the settlement website, or by calling a toll-free number to be established by Hartford or the Settlement Administrator. In addition, Hartford or the Settlement Administrator will promptly establish and staff a dedicated, toll-free automated telephone number that Settlement Class Members can call to hear information in English and Spanish regarding the settlement. This toll-free number will be operational no later than the date that the Summary Settlement Notice (Exhibit 2 to the Settlement Agreement) is mailed to the Settlement Class. The toll-free number shall remain operational for at least 30 days after the Special Master has completed his review of any submitted claims.

24. Within 30 days after notice of the entry of this Order, the Summary Settlement Notice substantially in the form of Exhibit 2 attached to the Settlement Agreement shall be mailed directly to each Settlement Class Member, and shall refer Settlement Class Members to the Hartford settlement website for purposes of obtaining detailed information or answers to questions relating to the terms of the settlement, and including any relevant deadlines for the Fairness Hearing.

25. The deadlines for filing or submitting objections and requests for exclusion by Settlement Class Members shall be December 17, 2018.

26. The Parties shall file and serve papers in support of final approval of the settlement, including the provision for payment of attorneys' fees and reimbursement of litigation expenses to Settlement Class Counsel and payment to the Class Representatives, by December 14, 2018.

27. The Parties may file responses to any timely and valid objections by December 21, 2018.

28. The class action administrator's report on Class Notice will be filed by December 22, 2018.

**VII. Miscellaneous**

29. All funds held in Escrow by the Settlement Administrator and shall be deemed and considered to be in *custodial egis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds are to be distributed pursuant to the Settlement.

30. At or after the Fairness Hearing, the Court shall determine whether Class Counsel's application for Attorneys' Fees and Expenses, shall be approved.

31. Neither this Preliminary Approval Order, nor the Settlement Agreement, nor any of the negotiations or proceedings connected therewith, shall be construed, offered or referred to as an admission or concession by Hartford of the truth of any of the allegations in the Action, or of any liability or fault or wrongdoing of any kind.

32. In the event the Settlement is not approved or does not become effective in accordance with the terms of the Settlement Agreement, or if the Effective Date does not occur, then this Preliminary Approval Order shall be null and void to the extent provided by the Settlement and shall be vacated and shall not be used in this Action or in any other proceeding for any purpose, and the Parties are restored to their respective positions in the Action as of the date that the Motion for Preliminary Approval is filed.

33. This Court may approve the Settlement without further notice to the Class. Any amendments to the Settlement hereafter made do not require further notice to the Class if such amendments are consistent with this Preliminary Approval Order and do not limit the rights of Class Members.

34. Hartford shall file with the Court, by no later than twenty-eight (28) days prior to the Fairness Hearing, certification that any required notice was provided to the appropriate state and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. §1715.

//
//
//
//
//
//

35. All costs and expenses of administering the Settlement Agreement, including the fees and expenses of the Settlement Administrator and the Special Master, and of providing Class Notice in accordance with the Settlement Notice Plan, shall be paid from the non-reversionary Settlement Fund in accordance with the Settlement Agreement.

**IT IS HEREBY ORDERED**

Dated: September 17, 2018

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE